UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:97 CR 168 |
| | ) | |
| LONNIE MAURICE FORD | ) | |

**O R D E R**

**I. BACKGROUND**

This matter is before the court on a motion filed by petitioner Lonnie Ford to modify his term of imprisonment. On January 19, 1999, a jury found Ford guilty of possession with intent to distribute cocaine, racketeering, and a firearm offense. (Verdict, docket # 286.) The Court of Appeals later affirmed his conviction. (Appeal Mandate, docket # 461.) Ford subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Motion Under § 2255, docket # 474-75.) The court denied that motion (Order, docket # 480), as well as Ford's motion to reconsider the denial (Order, docket # 491). Ford then filed a motion purporting to be pursuant to FED. R. CRIM. P. 60(b) (Motion for Relief from J., docket # 531-32), which the court construed as a successive motion under § 2255 and denied for want of jurisdiction (Order, docket # 533).

Ford has filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582 and § 3553. (Docket # 546.) Ford has also filed a supplement to this motion. (Docket # 554.) After carefully reviewing Ford's filings and the applicable law, the court finds the arguments set forth in the motion to be meritless.

II. ANALYSIS

Ford argues that his sentence should be reduced on essentially four grounds: (1) Amendment 505 to the sentencing guidelines; (2) Amendment 591 to the sentencing guidelines; (3) mitigating circumstances; and (4) due to *United States v. Booker*, 543 U.S. 220 (2005). The court addresses each of these in turn below, though not necessarily in the order that they were presented by Ford.

As a preliminary matter, the court notes that although Ford cites numerous subsections of both § 3582 and § 3553 as grounds for relief, only one section is relevant to this case. Ford points to § 3553(a), § 3553(b), § 3582(a), and § 3582(c)(2) as vehicles for a reduction of his sentence. First, § 3553 is entitled "Imposition of a Sentence," and each one of its provisions discusses steps a court should take or issues a court ought to consider when originally formulating the ultimate sentence to be imposed on a particular individual for a particular crime. Thus, both sections of § 3553 concern only the *initial formulation* of a term of imprisonment, and not the modification of a sentence imposed several years ago. Section 3582(a), entitled "Factors to be considered in imposing a term of imprisonment" is similarly irrelevant in this case, as it only provides guidance for the initial imposition of a sentence. Only § 3582(c)(2), entitled "Modification of an imposed term of imprisonment," is applicable to Ford's situation. Accordingly, the court's discussion is limited to whether Ford's sentence should be reduced pursuant to § 3582(c)(2).

*A. Amendment 505*

Ford argues that Amendment 505, which sets an upper limit of the drug quantity table in USSG § 2D1.1 at level 38, provides a basis for a reduction of his sentence. Ford claims that he was sentenced in accordance with a total offense level of 40, in violation of Amendment 505. As a preliminary matter, the court notes that while Ford's *total* offense level was 40, this was the result of a two-point enhancement for his role as a leader of criminal activity. (Sentencing Trans. 25.) His offense level based on quantity alone was within the limitations of Amendment 505.

Nevertheless, Ford's argument fails for a second reason. Reduction of a sentence pursuant to § 3582(c)(2) is only proper "[w]here a defendant *is serving a term of imprisonment*, and the guideline range applicable to that defendant has *subsequently* been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below." USSG § 1B1.10(a) (emphasis added). The effective date of Amendment 505 was November 1, 1994. USSG App. C, vol. I, at 417. Ford was sentenced on October 13, 1999. (Docket # 432.) Thus, Amendment 505 was already in effect for Ford's sentencing. Because Ford was not serving a term of imprisonment when Amendment 505 took effect in 1994, it did not operate to subsequently lower the guideline range applicable to him. Accordingly, Ford's argument that his sentence should be reduced in light of Amendment 505, which was already in effect when he was sentenced, is without merit. *See United States v. Dodd,* No. 2:96 CR 153, 2003 WL 23319651, at *2 (E.D. Va. March 18, 2003) ("A collateral motion under § 3582(c)(2) will not lie when a particular amendment,

3

though it lowers the sentencing range, took effect prior to the date on which a federal inmate was sentenced. Presumably in such cases the beneficial effect of a previously adopted amendment is simply applied to the guidelines calculations when the federal convict is sentenced. This is the reason that the Defendant's amendment 505 argument fails.").

*B. Amendment 591*

In a supplement to his motion under § 3582 and § 3553 (docket # 554), Ford claims that Amendment 591 provides another vehicle by which his sentence should be reduced. Amendment 591, made effective November 1, 2000, was not in effect when Ford was initially sentenced. It also does appear on the list of retroactively applicable sentencing guideline amendments set forth in USSG § 1B1.10(c), making it available for consideration in conjunction with § 3582(c)(2). Nonetheless, Amendment 591 has no bearing on Ford's case.

The court begins by reviewing the first three steps[1] of the procedure the court uses to determine a defendant's sentence using the Sentencing Guidelines Manual. Section 1B1.1 of the manual, entitled "Application Instructions," provides the step-by-step process for determining a defendant's sentence. The first step is to determine the offense guidelines of Chapter Two applicable to the defendant. Section 1B1.2 provides

---

[1] While the full procedure for determining a sentence includes many more than three steps, only the first three are relevant to this discussion.

additional assistance with this step, by instructing the court to utilize the Statutory Index (found in Appendix A) to locate the statute that a defendant has been found guilty of violating; the Statutory Index then directs the court to a particular offense guideline section located in Chapter Two of the manual. The second step is to use that guideline section of Chapter Two to determine the defendant's base offense level. The third step is to apply any appropriate adjustments from relevant sections of Chapter Three.

Prior to Amendment 591, the circuit courts were conflicted as to whether, in completing the first step, a court could use a defendant's *conduct,* rather than the Statutory Index organized by *offense of conviction,* to determine which guideline section of Chapter Two to apply. For example, some courts were applying the guidelines set forth in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) when there existed underlying facts indicating that the defendant involved a juvenile in a drug sale, even though the Statutory Index entry for the offense the defendant was actually *convicted of* did not direct the court to use § 2D1.2. As explained in the comments accompanying Amendment 591, the amendment adjusted the language of § 1B1.1 and § 1B1.2 to make clear that a court "must apply the offense guideline referenced in the Statutory Index for the statute of conviction," unless a limited exception applied. USSG App. C, vol. II, at 31.

Ford claims that, even though he was not convicted of engaging in a conspiracy, the court used his conduct (the fact that he was a leader in a criminal activity) to

5

enhance his sentence under § 3B1.1(c), and that Amendment 591 makes such an enhancement improper. Ford's understanding of Amendment 591 is misguided. Amendment 591 only clarifies how a court is to go about selecting the appropriate offense guideline section of Chapter Two, which will subsequently assist the court in calculating a defendant's base offense level. The enhancement Ford objects to, set forth in § 3B1.1(c), is applied as part of step three, only after the appropriate offense guideline section of Chapter Two has been selected, and from that section the base offense level has been determined. Amendment 591 in no way affects the application of Chapter Three enhancements like the one set forth in § 3B1.1.(c). Because Amendment 591 has no bearing on Ford's § 3B1.1(c) enhancement, his argument on this issue is without merit.

*C. Mitigating Circumstances*

Ford also argues that his sentence should be reduced pursuant to § 3553(b) due to mitigating circumstances. In support of this argument, Ford has attached numerous awards and certificates of achievement that he has received while imprisoned, which recognize his efforts in furthering his education and developing practical skills. (Pet.'s Mot., docket # 546, at 13-25.) While one might consider Ford's achievements admirable, they are not a proper basis for a reduction of a sentence already imposed. As explained above, § 3553(b) is relevant only during the court's initial imposition of a sentence, and does not provide a mechanism for reducing a sentence already in place.

D. *United States v. Booker*

Finally, Ford argues at various points in his motion that his sentence was improperly imposed under *United States v. Booker*, 543 U.S. 220 (2005), because the court employed facts to raise Ford's sentence beyond the statutory maximum that were not found by a jury beyond a reasonable doubt. (Pet.'s Mot., docket # 546, at 5-6, 8-9.) For the sake of convenience, the court addresses all of Ford's arguments relating to *Booker* together below.

As a preliminary note, the court is unable relieve Ford of the limitations and parameters of § 3582 and § 3553 by reviewing Ford's *Booker* arguments under the guise of § 2255. Though the substance of Ford's *Booker* argument is within the scope of § 2255, and should therefore be construed as having been made under § 2255, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004), Ford has already filed a § 2255 petition (docket # 474-75). The court denied that petition (docket # 480), as well as Ford's motion to reconsider that denial (docket # 491). The Court of Appeals has not certified Ford's present motion as a second petition under § 2255 ¶ 8. Accordingly, Ford's *Booker* arguments have a chance of success only in the context of § 3582 or § 3553.

Unfortunately, the *Booker* decision cannot provide Ford any relief via § 3582 or § 3553. As described above, the substance of both sections provide only one mechanism for modification of a sentence that has *already been* imposed: § 3582(c)(2). That provision provides for reduction of a sentence only when consistent with the applicable

7

Sentencing Commission policy statement, USSG § 1B1.10. Section 1B1.10(c) provides the exclusive list of retroactively applicable amendments which trigger eligibility for consideration under § 3582(c)(2). The Supreme Court's decision in *Booker* is not one of these amendments. Ford, perhaps aware of this fact, argues that the holding in *Booker* "in its self can be taken as an amendment to the United States Sentencing Guidlines which should be a vehicle to receive a reduction in ones sentence pursuant to 18 U.S.C. §3582(c)(2)." (Pet.'s Mot., docket # 546, at 6.) However, the court does not have the power to thwart Congress' decision to offer relief under § 3582(c)(2) only in the context of a retroactively applicable amendment listed in USSG § 1B1.10(c). Therefore, *Booker* provides no basis for relief under § 3582(c)(2), or any subsection of § 3582 or § 3553.

### III. CONCLUSION

For the foregoing reasons, the court finds that Ford is not entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3553 or § 3582. Ford's motion to amend (docket # 554) is **GRANTED**. Ford's motion to modify his sentence (docket # 546) is **DENIED.**

**SO ORDERED.**
**ENTER:** December 29, 2005

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT