UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:97 CR 168 |
| | ) | |
| LONNIE MAURICE FORD | ) | |

**OPINION and ORDER**

This matter is before the court on petitioner Lonnie Ford's most recent notice of appeal (Notice, docket # 619) and petition to proceed on appeal *in forma pauperis* (Petition, docket # 623). Ford requests to proceed as a pauper on appeal of this court's March 22, 2006, order denying Ford's second motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (Order, docket # 609.)

*A. Notice of Appeal*

In criminal cases, such as this one, a defendant has ten days to file a notice of appeal of a judgment or order. FED. R. APP. P. 4(b). In this case, Ford filed his notice of appeal on April 17, 2006, clearly more than ten days after March 22, 2006, the date of the court's order denying Ford's motion. In his notice of appeal, Ford claims that he did not receive notice that the court had ruled on his motion until he received a copy of his docket sheet on April 17, 2006.[1] (Notice ¶¶ 2, 3.) His notice of appeal is also dated

---

[1] Per Ford's request, the Clerk sent Ford another copy of the court's March 22, 2006, order on April 21, 2006. (*See* docket # 608.) Presumably Ford was able to review the substance of the order by the time he filed for *in forma pauperis* status on April 28, 2006.

April 17, 2006, and thus the court must assume that Ford filed his notice of appeal the same day he learned that his motion had been denied. FED. R. APP. P. 4(c); *Houston v. Lack,* 487 U.S. 266 (1988) (prisoner's motion is deemed filed on date prisoner attests he delivered the motion to prison authorities for forwarding). The question is whether the court should give effect to Ford's April 17, 2006, notice of appeal despite the fact that it was filed more than ten days after March 22, 2006.

At the outset, the court addresses a side-issue related to whether the petition was actually untimely in the first place: the "reverse-*Houston*" doctrine. Under *Houston*, a prisoner's filing is effective the date that the prisoner delivers the document to prison authorities, rather than the date on which the document is received by the Clerk of the Court. 487 U.S. 266. There are rumblings in the circuit courts as to whether this rule should operate in the reverse– that is, whether a prisoner's time for filing a notice of appeal of a judgment should be triggered when the prisoner actually receives notice of the judgment in prison, rather than the date on which the judgment is entered on the docket. Although the Seventh Circuit has not addressed the "reverse-*Houston*" question, at least two other circuit courts have, coming to opposite conclusions. *Compare United States v. Grana,* 864 F.2d 312, 314-17 (3d Cir. 1989) ("[W]e hold that in computing the timeliness of *pro se* prisoners' appeals, any prison delay in transmitting to the prisoner notice of the district court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal."), *with Jenkins v. Burtzloff,* 69

F.3d 460, 461-62 (10th Cir. 1995) ("[W]e hold that *Houston v. Lack* does not affect the date on which the time for appeal begins to run.")

Like other district courts, this court finds that the question of whether to adopt the "reverse-*Houston*" rule "is for the Court of Appeals to determine in the first instance, as it relates to that court's jurisdiction and is not a question specifically entrusted to the district court." *United States v. Morel,* No. 3:01CR106, 2003 WL 22119102, at *1 (D. Conn. Aug. 28, 2003 ). In any case, Ford has not claimed that his receipt of this court's order was delayed due to the *prison's* mishandling of his mail. The delay could have just as easily been due to slow processing by the postal service, and even the *Grana* court acknowledged that "[t]o the extent that the delay represents slow mail, there is nothing that this Court can do to preserve an appellant's right to appellate review." 864 F.2d at 316. Accordingly, because the court can only find that Ford's time to file a notice of appeal of the court's order dismissing his second § 3582 motion began to run on March 22, 2006, and not on a later date under the "reverse-*Houston*" or some other doctrine, Ford's notice of appeal remains untimely.

Because Ford's notice of appeal is untimely, the court construes the notice as a motion for extension of time to file a notice of appeal pursuant to FED. R. APP. P. 4(b)(4). *United States v. Kaden,* 819 F.2d 813, 816-17 (7th Cir. 1987). Under RULE 4(b)(4), a district court may extend the time to file a notice of appeal upon finding "excusable neglect or

3

good cause."[2] FED. R. APP. P. 4(b)(4). The decision to allow an extension is an equitable one, and the court should consider the danger of prejudice to the non-movant, the length of the delay, the potential impact the delay would have on the proceedings, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

There is no indication that the delay in this case has resulted in any prejudice to the Government or a negative impact on the proceedings, nor has the delay been a long one.[3] Though Ford does not indicate the precise reason for the delay, his notice attests that he filed his notice of appeal on the same day he received notice of the court's decision regarding his § 3582 motion. *See United States v. Griffin*, 88 F. Supp. 2d 891, 893 (N.D. Ill. 2000) (granting extension where petitioner "acted promptly" by filing notice of appeal one day after receiving notice of judgment). For these reasons, Ford's notice of appeal, which the court construes as a motion for extension of time to file a notice of appeal, is granted.

---

[2] The difference between "good cause" and "excusable neglect" has not been precisely defined, but the Court of Appeals has indicated that the former allows a district judge to accommodate a wider array of circumstances and is largely discretionary. *Parke-Chapley Const. Co. v. Cherrington*, 865 F.2d 907, 909-10 n.5 (7th Cir. 1989).

[3] RULE 4(b)(4) prevents the court from allowing an extension exceeding thirty days from the date the time for filing would otherwise expire, but this limitation does not affect this case.

*B. Petition to Proceed* **In Forma Pauperis**

Ford has also filed a motion to proceed *in forma pauperis* on this appeal. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." An appeal is not taken in good faith if the grounds set forth are frivolous– that is, if a reasonable person would not find that the appeal has any legal merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

Ford's only stated basis for this appeal (which appears in his petition to proceed *in forma pauperis*) is that his motion was denied "for unspecified reasons." (Petition 1.) However, in its March 22, 2006, order, the court explained that § 3582 and Amendment 506 to the United States Sentencing Guidelines could afford Ford no relief because Amendment 506 was already in place at the time of Ford's sentencing, making any retroactive application of that amendment to Ford's sentence nonsensical and contrary to the language of the statute. (Order, docket # 609.) This was the second time the court had denied Ford relief under § 3582 for this reason. (*See* Order, Dec. 29, 2005, docket # 586.) Ford's appeal, based on the argument that the court failed to specify reasons for denying his motion, is clearly frivolous and therefore not made in good faith. Accordingly, his petition for *in forma pauperis* status on this appeal is denied.

For the foregoing reasons, the court hereby:

(1) **GRANTS** Ford's "Notice of Appeal" (docket # 619), which the court construes as a motion for extension of time to file a notice of appeal;

5

(2) **CERTIFIES** that Ford's appeal of the court's March 22, 2006, order (docket # 609) on Ford's motion to reduce his sentence (docket # 607) has <u>not</u> been taken in good faith;

(3) **DENIES** Ford's petition for *in forma pauperis* status (docket # 623);

(4) **DIRECTS** the Clerk to serve immediate notice of this denial to petitioner Ford and the Court of Appeals pursuant to FED. R. APP. P. 24(a)(4)(A);

(5) **GRANTS** Ford until June 12, 2006, to pay the $455.00 appellate filing fee in accordance with FED. R. APP. P. 3(e); and

(6) **CAUTIONS** Ford that if he does not pay the filing fee, this appeal may be dismissed pursuant to 7TH CIR. R. 3(b).

**SO ORDERED.**

**ENTER:** May 12, 2006

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT